**Agnes ECKER, Plaintiff-Appellant,**

**v.**

**BIG BEND BANK, a corporation, Defendant-Respondent.**

No. 32360.

St. Louis Court of Appeals.

Missouri.

July 19, 1966.

Motion for Rehearing or for Transfer to Supreme Court Denied Sept. 13, 1966.

Application to Transfer Denied Nov. 14, 1966.

**46**

Lusser & Lusser, Rene J. Lusser, St. Louis, for plaintiff-appellant.

Carter, Fitzsimmons & Brinker, Bernard C. Brinker, Clayton, for defendant-respondent

BRADY, Commissioner.

■ This case comes to the writer upon recent reassignment. Appellant seeks by this action to recover damages of $15,000 which allegedly resulted from a fall she sustained while on respondent's premises. This appeal follows the trial court's action sustaining respondent's motion for summary judgment and entering final judgment in favor of respondent. The only issue before this court is whether the facts established by the pleadings, the plaintiff's deposition and those stated in the affidavit filed in connection with the motion for summary judgment were sufficient, as a matter of law, to relieve the defendant of liability and entitle it to the judgment rendered. If, under that evidence, which was the only evidence before the court, and as a matter of law, the plaintiff is not entitled to recover, then the defendant is entitled to a summary judgment. Brown v. Prudential Insurance

Co. of America, Mo.App., 375 S.W.2d 623, l. c. 629.

The physical topography of the area where this fall occurred is of importance. The defendant maintains a parking lot to the rear of its building. This lot lies immediately to the south of a parking lot maintained in connection with an office building in which the plaintiff's physician had offices. The level of the defendant's parking lot is 6 feet above the grade of the other lot. To provide pedestrian access to its premises from the lower parking lot, the defendant constructed a stairway, the top step of which was concrete and which also formed the top of the retaining wall separating the two parking lots. It is approximately 14 inches from this step down to the surface of defendant's lot. Curved raised asphalt mounds are located on defendant's lot and serve as wheel blocks for automobiles parked thereon. These are approximately 5″ high. A line of these wheel blocks was placed about 11½ inches south of the retaining wall so that a gutter was formed between them and the retaining wall.

Plaintiff had parked her automobile on the lower lot and climbed the stairs as she intended to transact her business with defendant before returning to the office building where she had an appointment with her physician. She had never used the stairway before. Upon reaching the top step she discovered that an automobile was parked on defendant's lot directly in front of the stairway. Plaintiff determined not to step down to the surface of defendant's lot by proceeding straight ahead as the front bumper of this automobile was very close to the edge of the retaining wall and thus to the top step where she was then standing. Instead she decided to reach the surface of defendant's lot by turning somewhat obliquely to her right, stepping on the top of the wheel block to the right of the stairway, and then to the surface. What happened is shown by her testimony: "I stepped on the mound and the next thing I was on

the ground." After her fall she was lying on defendant's lot to the south of the wheel block and between the automobile parked directly in front of the stairway and another parked to plaintiff's right.

The judicial reports of this State make abundantly clear our approval of the principle formulated in Restatement, Second, Torts, § 343, p. 215, imposing liability, under certain conditions, upon an invitor for bodily harm to invitee caused by a natural or artificial condition on the former's premises. See Mo.Digest, Negligence, ☞52. The Restatement reads as follows: "A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and (b) *should expect that they will not discover or realize the danger, or will fail to protect themselves against it,* and (c) fails to exercise reasonable care to protect them against the danger. * * *" (Emphasis supplied.) It is equally well settled that the basis for imposing liability is the invitor's superior knowledge of an unreasonable risk of harm of which the invitee, in the exercise of ordinary care, does not or should not know. It follows that where the danger is or should be as well known to the invitee as to the invitor, the latter has no duty to warn of such danger and incurs no liability for injury to the invitee resulting from the danger. Gruetzemacher v. Billings, Mo., 348 S.W.2d 952, 1. c. 957. Since the plaintiff's own evidence establishes beyond doubt that she saw the wheel block on which she stepped, as well as the general condition of the parking lots and stairs, plaintiff seeks to avoid the application of the above stated principles by having this court interpret § 343(b) of the Restatement so that the fact the condition was obvious to the plaintiff and seen by her would not be sufficient to relieve defendant from liability. Plaintiff argues that it must also be shown that she had a "realiza-tion of the risk" or an "appreciation of the danger" involved if she stepped on the asphalt block. Since the affidavits, pleadings and depositions do not contain any such allegation, plaintiff urges that the defendant has failed to show that it is entitled to judgment as a matter of law as required by Civil Rule 74.04, V.A.M.R., (c), (h), and therefore is not entitled to a summary judgment.

In Schmoll v. National Shirt Shops of Missouri, 354 Mo. 1164, 193 S.W. 2d 605, the same contention advanced in the instant case by the plaintiff was ruled. In that case the dangerous condition was alleged to be large brass lettering placed in the floor of the store. The floor was wet. At 1. c. 607 the contention was made that although the plaintiff in that case looked and saw the condition, she had no knowledge or appreciation of the danger involved. The court held that the invitor should not be obligated to anticipate that invitees would fail to appreciate dangers generally known to be inherent in conditions that were obvious and that under the circumstances existing in the Schmoll case a person of ordinary prudence would have appreciated the slippery condition of the wet brass lettering which was open and which the plaintiff saw. This is the situation involved in the instant case. There is no hidden or secret peril here involved. Whatever danger existed was obvious to the plaintiff who had as much knowledge as the defendant. If the plaintiff had been warned about the conditions she characterizes as dangerous, she would not have obtained any more information than came to her when she saw them. It is commonly known that a curved raised surface such as the asphalt wheel block here involved can cause a person to fall; that it is not as safe to step upon as a flat surface. An invitee will not be permitted to recover when the dangerous condition is obvious and known or when, in the exercise of ordinary care, it should have been known by the invitee Wilburn v. Southwestern

Bell Telephone Company, Mo.App., 382 S.W.2d 49, l. c. 53.

From what has been stated above it is apparent that there was no genuine issue as to any material fact involved in this case and that the defendant was entitled to judgment as a matter of law. It follows the trial court did not err in rendering a summary judgment as provided by Civil Rule 74.04, V.A.M.R.

The judgment should be affirmed.

PER CURIAM.

The foregoing opinion by BRADY, C., is adopted as the opinion of the court. The judgment is affirmed.

WOLFE, P. J., and ANDERSON and RUDDY, JJ., concurs.