Wilma **TUSH**, Plaintiff-Appellant,

v.

Richard **OWENS**, and Gene Preston et al., d/b/a Preston Refrigeration Company, Defendants-Respondents.

No. 24880.

Kansas City Court of Appeals.

Missouri.

Dec. 2, 1968.

**24**

Edward M. Tracewell, C. William Garver, Kansas City, for appellant.

Albert W. Thomson, John R. Cleary, Kansas City, Linde, Thomson, VanDyke, Fairchild & Langworthy, Kansas City, of counsel, for respondents.

SPERRY, Commissioner.

Plaintiff was a passenger in an automobile owned and operated by Mario Ares. Defendant Owens was an employee of Preston Refrigeration Company, a partnership of which Gene Preston was a member. Plaintiff sued both Owens and Preston for damages due to personal injuries alleged to have been received by her when the Owens automobile collided with the rear end of the vehicle in which plaintiff was a passenger. There was a jury verdict against Owens in the sum of $5,000.00, but the jury found a verdict for defendant Preston. Plaintiff appeals from the judgment as to Preston.

This court considered a case growing out of the identical occurrence involved here. Ares v. Owens (Preston) et al., Mo. App., 407 S.W.2d 33. In that case Mario Ares, operator of the vehicle which was struck from the rear by Owens, who was operating his own automobile, had a jury verdict for $1,500.00 against both defendants on the theory that Owens was the employee and agent of Preston at the time the casualty occurred and was then acting within the scope of his employment. The trial court set aside the verdict, as to Preston, and entered judgment for him. We reversed and remanded, directing re-instatement of the verdict against Preston and that judgment should be entered thereon.

■ Ares v. Owens (Preston) et al., supra, is not res judicata of the issues in this case. Prentzler v. Schneider, Mo., 411 S.W.2d 135, 139.

Under "Points relied on", as stated in plaintiff's brief, appears the following only:

"POINTS RELIED ON

"THE COURT ERRED IN REFUSING TO GIVE PLAINTIFF A DIRECTED VERDICT AND DENYING PLAINTIFF A NEW TRIAL OR DIRECTING A VERDICT AGAINST PRESTON d/b/a PRESTON REFRIGERATION COMPANY.

"(a) Defendant Owens was, at all times herein at issue within the scope of his employment by respondent Preston, and acting in the interest of his employer.

"(b) The only deviation from a direct route from the hospital to his home here involved was a deviation for the purpose of furthering the master's interest.

"(c) Preston had the right of control over respondent Owens at all times".

In order to dispose of the issues thus presented it is not necessary that we set out the evidentiary facts. However, generally, the facts in evidence in this case are quite similar to those stated in Ares v. Owens (Preston) et al., supra.

At the close of plaintiff's evidence she orally moved for a directed verdict against both defendants. The motion was overruled. Defendant Preston offered the testimony of two witnesses. Plaintiff cross examined and defendant rested. Defend-

ant Preston then filed motion for directed verdict as to him, which motion was overruled. The court gave instructions and the case was submitted to the jury. Plaintiff filed no motion for directed verdict at the close of all the evidence.

Defendant Preston says that, since plaintiff did not move for directed verdict against defendant at the close of all the evidence, she failed to preserve the question of the sufficiency of the evidence for review. Defendant points out the fact, as shown by the record, that appellant not only failed to move for a directed verdict at the close of all of the evidence, but also failed to complain, in her motion for a new trial, of the action of the trial court in submitting the case to the jury. She alleged only that the court erred in refusing plaintiff's motion for a directed verdict (which motion was filed at the close of plaintiff's evidence).

In a similar situation, presented in Ukman v. Hoover Motor Express Co., 269 S.W.2d 35 (Mo.Sup.), this point was ruled adversely to *defendant's* contention. At page 37 the court said:

" * * * It appears from the foregoing statutory provisions that it is necessary in jury-tried cases, in order to preserve the question of submissibility for appellate review, to file a motion for directed verdict at the close of all the evidence and to assign the error of the court in having failed to have directed such a verdict in an after-trial motion, either one for a new trial or one to set aside a verdict and judgment and enter judgment for the opposite party. * * * ".

In Millar v. Berg, 316 S.W.2d 499, at page 502 (Mo.), the court reaffirmed the above declaration of law, saying:

" * * * It is the settled rule that a defendant who wishes to urge that the trial court erred in submitting plaintiff's claim to the jury must have filed a motion for directed verdict at the close of all the evidence. By his failure to have filed such a motion, he has, in effect, requested the court to submit the case to the jury, and he may not thereafter complain of that which he voluntarily requested the court to do. * * * ".

In Holliday v. Great Atlantic & Pacific Tea Company, 256 F.2d 297, 300 (8th Cir.) the court said:

"Plaintiffs, not having moved for a directed verdict at the close of all the testimony, cannot now challenge the sufficiency of the evidence as to the issues submitted to the jury. * * * ".

We are cited to no case where a *plaintiff's* motion for a directed verdict, filed at the conclusion of his evidence, has been sustained. In this case, the motion was overruled, defendant offered testimony, and plaintiff *failed* to file motion for directed verdict at the conclusion of all of the evidence. He cannot now successfully urge that the court erred in submitting the issues to the jury.

We find no manifest error.

The judgment is affirmed.

MAUGHMER, C., concurs.

PER CURIAM.

The foregoing opinion of SPERRY, C., is adopted as the opinion of the Court.

All concur.