Lucy TOLLIVER, Appellant,

v.

The CITY OF SEDALIA, Missouri, d/b/a Bothwell Memorial Hospital, Respondent.

No. WD 39312.

Missouri Court of Appeals, Western District.

June 21, 1988.

Andrew C. Webb, Sedalia, for appellant.

Mark A. Ludwig, Jefferson City, for respondent.

Before SHANGLER, P.J., and LOWENSTEIN and GAITAN, JJ.

GAITAN, Judge.

This is an appeal from a judgment of the Circuit Court rendered in favor of the defendant/respondent City of Sedalia d/b/a Bothwell Memorial Hospital and against the plaintiff/appellant, Lucy Tolliver. The plaintiff sought damages as a consequence of slipping and falling after exiting a shower in defendant hospital. She appeals the judgment of the trial court for the following reasons: (1) she alleges the trial court improperly limited voir dire examination; (2) that the trial court improperly sustained defendant's objection to the introduction of plaintiff's Exhibit No. 1; (3) that the trial court erred in refusing plaintiff's proposed verdict directing instruction; and (4) that the trial court erred in giving the verdict directing Instruction No. 8. We affirm.

Plaintiff, Lucy Tolliver, filed the lawsuit against the City of Sedalia, d/b/a Bothwell Memorial Hospital, alleging certain personal injuries as the result of a fall in a shower area at the hospital. The plaintiff alleged negligence on the part of the defendant hospital. More specifically, she alleged that the defendant carelessly, negligently, and unskillfully permitted the floor area outside the shower to be littered with towels and other items on and over which plaintiff could and did slip and fall, suffer-

ing injury. The plaintiff also stated that the defendant, its servants and employees knew, or with the exercise of ordinary care should have known, the above stated acts were dangerous and unsafe to the plaintiff. Thereafter defendant's attorney filed a motion in limine to restrict plaintiff's expert's testimony to the pleaded "dangerous conditions." That motion was overruled. At trial, plaintiff's expert testified that it was combination of wet towels, a terrazzo floor, and no handrails that made the shower dangerous. During trial, plaintiff's attorney attempted to introduce into evidence, through the hospital administrator, Exhibit 1, a statement of hospital policy on showers for surgical patients. Defendant's counsel objected to a portion of Exhibit 1 which stated "... There has [sic] been incidents that patients have received fractures from falls during the period of time they were taking a shower...." His reason for objecting was that the offered policy post-dated plaintiff's fall by two months. The court sustained that objection. Defendant's administrator, who had held that post for over twenty years, denied knowledge of any other falls in showers at the hospital. At the request of plaintiff's counsel, certain portions of Exhibit 1 were deleted and thereafter the exhibit was admitted into evidence.

At the close of plaintiff's evidence, defendant moved for a directed verdict on numerous grounds, including sovereign immunity, because plaintiff had not proven or offered evidence of a insurance policy providing for this action. That motion was overruled. In the instruction conference, plaintiff's counsel submitted Instruction No. 8 as the verdict director. Defendant's counsel objected to said verdict director and offered another instruction as the proper verdict director, which was refused. Plaintiff's counsel suggested on appeal that he was compelled by the court to modify his Instruction No. 8. However, there is nothing in the record indicating that plaintiff's counsel requested any other instruction or objected to any instruction given. Thereafter verdict was rendered in defendant's favor.

■ Plaintiff complains that the court committed error by limiting plaintiff's counsel's questioning during voir dire examination. The specific instance where the court interceded was when plaintiff's counsel began to recite anticipated evidence to the jury panel. Plaintiff's counsel was particularly interested in questioning the jury panel regarding their experience in slip and fall cases in general. The court advised counsel not get into the nature of the case.

Plaintiff must show not only that the rulings by the court were a manifest abuse of discretion, *Morris v. Duker,* 414 S.W.2d 77, 80 (Mo.1967), but she also has the burden to show that the error was prejudicial. The plaintiff must show a real probability of injury. *State v. Scott,* 515 S.W.2d 524, 527 (Mo.1974). Here, the plaintiff has shown neither. Consequently, this point is denied.

Next, we consider plaintiff's allegation concerning the court's limitation on Exhibit No. 1. That exhibit was a page from defendant's policy and procedures manual relating to patients showering or bathing before surgery. The deleted portion of the exhibit reads as follows: "There has [sic] been incidents that patients have received fractures from falls during the period of time they were taking a shower." The defendant objected to the admission of the document in its entirety and that objection was sustained. Thereafter plaintiff's counsel proposed deleting the objectionable phrase and the exhibit was admitted as amended.

■ Ordinarily, evidence of other accidents is inadmissible, although the judge may, in his discretion, admit such evidence if conditions are shown to have been the same. *Benner v. Terminal R.R. Ass'n of St. Louis,* 348 Mo. 928, 156 S.W.2d 657, 663 (1941). The record indicates, however, that the date appearing on that exhibit is November 30, 1981, some eight weeks after plaintiff fell on October 6, 1981. This fact, coupled with the testimony that no one else had fallen in a shower at Bothwell Hospital, raises the inference that the document was prepared to prevent a reoccurrence of an injury. We find no abuse of the trial

court's discretion. *See Diversified Metals Corp. v. Aaron Ferer & Sons, Inc.*, 498 S.W.2d 783, 786 (Mo.1973); *Bellistri v. City of St. Louis*, 671 S.W.2d 405, 407 (Mo.App.1984).

Plaintiff next argues that the document was relevant as an admission against interest. Since the document is dated two months subsequent to the injury of the plaintiff herein, it would be improper to admit it into evidence as it shows a corrective measure taken subsequent to the injury. Contrary to the plaintiff's assertion, *Skelton v. General Candy Co.*, 539 S.W.2d 605 (Mo.App.1976) does not support her position. In *Skelton*, the medical records were received in their entirety without objection. *Id.* at 614. In our case, an objection was made before the document was received into evidence.

■ Although the record does not reflect that plaintiff offered a verdict director other than Instruction No. 8., plaintiff has alleged that she submitted a proposed verdict directing instruction in the disjunctive. The trial court apparently rejected that instruction and would only permit that instruction to be submitted in the conjunctive. While plaintiff admits there is no record of this instruction conference, she has by affidavit attempted to persuade this Court of her submission of a rejected instruction.

Without a record to support plaintiff's position, this Court is guided in its decision by *Duke v. Gulf & Western Manufacturing Co.*, 660 S.W.2d 404 (Mo.App.1983). In *Duke*, a withdrawn instruction appeared in the legal file but the transcript of the instruction conference showed no mention of it. The court held that the point was not preserved for review where the record did not show that it was offered. *Id.* at 417. However, the record shows that defense counsel did object to plaintiff's verdict director.

Even if we were to consider what plaintiff proposes *ex gratia*, we find that plaintiff's expert testified that a combination of all the factors involved made the conditions dangerous. Therefore, it would have been error to submit an instruction in the disjunctive. *Pasternak v. Mashak*, 392 S.W.2d 631, 640 (Mo.App.1965). ("The giving of an instruction where there is no evidence upon which to base it is reversible error.") Plaintiff's reliance on *Young v. Grotsky*, 459 S.W.2d 306 (Mo.1970) is without merit. *Young* involved the submission of a disjunctive converse which was held to be proper since plaintiff had to prove both elements of the converse, the failure of which would justify a verdict for defendant.

■ The plaintiff next asserts that Instruction No. 8 was improper because it required findings of detailed evidentiary facts. This point has not been preserved because there was no opportunity for the trial court to entertain such an objection either in the instruction conference or in a motion for new trial. *Moll v. Springdale Park, Inc.*, 395 S.W.2d 126, 128 (Mo.1965).

■ Plaintiff did not make a submissible case against defendant on her pleaded theory of liability. The only pleaded theory was that the placement of the towels in the shower area created a dangerous condition. The evidence introduced through the expert regarding the handrails and surface of the floor was beyond the scope of the pleadings and, as such, inadmissible. *Ozark Wood Industries, Inc. v. First National Bank of Doniphan*, 625 S.W.2d 651, 653 (Mo.App.1981); *McCardie & Akers Construction Co., Inc. v. Bonney*, 647 S.W.2d 193, 195 (Mo.App.1983).

■ According to plaintiff's expert, it was combination of all factors which made the floor dangerous. We believe that the use of a towel served to make the floor less dangerous or safer. Therefore, plaintiff did not make a case that the towels in any way made the floor dangerous and any instructional error or error in voir dire was harmless.

■ Additionally, this injury occurred prior to the amendment of § 537.600 RSMo, eliminating insurance coverage as a requirement when asserting a cause of action otherwise barred by sovereign immunity. Plaintiff failed to plead or prove the

existence of insurance to cover this incident. Therefore, plaintiff did not state a cause of action nor did she make a submissible case against the defendant. *Kurz v. City of St. Louis,* 716 S.W.2d 911, 912 (Mo.App.1986).

For the aforesaid reasons, the judgment of the trial court is affirmed.

All concur.