Vernon DILLMAN, Appellant,

v.

**MISSOURI HIGHWAY AND TRANSPORTATION COMMISSION, Respondent.**

No. 72789.

Missouri Court of Appeals,
Eastern District,
Division One.

June 16, 1998.

Rehearing Denied Aug. 6, 1998.

Branson L. Wood, II, Hannibal, for appellant.

Kevin Paul Schnurbusch, Evans & Dixon, St. Louis, for respondent.

### GARY M. GAERTNER, Judge.

Appellant, Vernon Dillman ("plaintiff"), appeals the judgment in favor of respondent, Missouri Highway and Transportation Commission ("defendant"), with respect to a personal injury claim arising out of a single vehicle collision on the Union Boulevard exit ramp traveling from the express lanes of west-bound I–70. We affirm.

On March 4, 1989, plaintiff, along with his girlfriend, traveled from their home in Hannibal, Missouri, to visit Steve Clark ("driver"), a friend in St. Charles. The threesome attended the last show at the Funny Bone in Westport. After the show, they drove from Westport to The Landing in downtown St. Louis. Because the bars were closing, the threesome left the area with the intention of returning to driver's home in St. Charles. Driver drove the car with plaintiff and his

girlfriend also sitting in the front seat. Driver took the west-bound reversible lanes of I–70, despite the fact no one in the group was familiar with the lanes or the manner in which they ended. Driver, under the mistaken assumption he was merging with west-bound I–70 traffic, "stopped paying attention to the signs," took the Union Boulevard ramp, and crashed into the concrete barrier at the "T" intersection at the end of the exit ramp. Driver and plaintiff left the scene in an ambulance, but plaintiff was the only person who suffered serious permanent injuries.

Plaintiff filed suit in the City of St. Louis against defendant, alleging negligence in defendant's maintenance of an unreasonably dangerous condition, specifically the signage and exit ramp conditions at Union Boulevard.[1]

Defendant filed motions *in limine* requesting the exclusion of evidence of post-accident modifications of signage and evidence of other injuries and fatalities at the Union Boulevard exit ramp. The trial court sustained both motions and rejected an offer of proof concerning the former motion. The trial court did hear an offer of proof as to the accidents that had occurred at the "T" intersection of Union Boulevard. At trial, the court permitted plaintiff's expert to base his opinions on these prior accidents but would not allow the expert to mention specifics details of the accidents. The trial court determined only collisions in which the vehicle entered the Union Boulevard exit ramp from the I–70 reversible or express lanes were legally relevant. Plaintiff failed to adduce facts to determine which prior accidents, if any, were legally relevant to the case at bar. The jury found for defendant and awarded no damages to plaintiff. This appeal follows.

Plaintiff's first point on appeal is whether the trial court erred by excluding evidence of other accidents at the Union Boulevard exit ramp. Plaintiff contends the court so erred because the prior accidents were similar to the accident at bar and because the evidence was admissible to prove notice to the defendant of the dangerous condition of the exit ramp; the risk of injury

1. While not raised as an issue in this appeal, we question whether this sort of action is viable, when brought under similar facts, in light of *Missouri Highway and Transp. v. Dierker*, 961 S.W.2d 58 (Mo.banc, 1998)

and the exit ramp was not reasonably safe; and because the evidence was admissible as a foundation for expert opinion on the safety of the ramp. We are not persuaded.

The trial court has broad discretion concerning the admission of evidence of similar occurrences. *Pierce v. Platte–Clay Elec. Co-op., Inc.*, 769 S.W.2d 769, 774 (Mo.banc 1989). A trial court's determination will only be disturbed on appeal for an abuse of discretion. *Meckfessel v. Fred Weber, Inc.*, 901 S.W.2d 335, 340 (Mo.App. E.D.1995). "[I]f reasonable persons can differ about the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion." *Anglim v. Missouri Pacific R.Co.*, 832 S.W.2d 298, 303 (Mo.banc 1992).

Evidence of similar facts, conditions, or occurrences is generally inadmissible unless conditions are demonstrated to be the same. *Tolliver v. City of Sedalia*, 752 S.W.2d 473, 475 (Mo.App. W.D.1988). Such evidence "must be of an accident of like character, occurring under substantially the same conditions, and it must be one resulting from the same cause." *Hess v. Chicago, Rock Island & Pacific Railroad Co.*, 479 S.W.2d 425, 431 (Mo.1972). *See Lohmann v. Norfolk & Western Ry. Co.*, 948 S.W.2d 659, 668 (Mo.App. W.D.1997). However, "the degree of similarity required for evidence that constitutes notice to defendant of prior similar accidents is less demanding than the similarity required for a series of prior accidents offered to show that the same accident occurred on the occasion in issue." *Stacy v. Truman Medical Center*, 836 S.W.2d 911, 926 (Mo.banc 1992).

The accident at issue occurred when the vehicle entered the Union Boulevard exit ramp from the west-bound I–70 reversible lanes, the weather conditions were marginal, and driver was not intoxicated but was unfamiliar with the lane configuration. Given these factors, the trial court determined that in order to meet the threshold of legal relevance, only prior accidents where the vehicle had entered the Union Boulevard exit ramp from the I–70 reversible or express lanes were admissible. The extent of plaintiff's offer of proof was that over a period of nine years, from 1980–1989, there had been seven collisions occurring where a vehicle had traveled up the Union Boulevard ramp and struck the wall or other cars traveling on Union Boulevard. Plaintiff offered no evidence of whether the vehicle in these prior accidents had been traveling on the express lanes of I–70 or on the regular lanes of I–70, no evidence of weather conditions at the time these prior accidents occurred, nor explanations as to why the drivers in prior accidents struck the wall. Plaintiff failed to show any substantial similarity existed between his accident and the other accidents at the Union Boulevard exit, and therefore the trial court's discretionary ruling is affirmed.

Plaintiff's second point on appeal is whether the trial court erred by excluding evidence of post-accident modifications of the signage and warnings on the exit ramp because defendant had put the feasibility of improving the ramp's safety in issue.[2]

It is well established in Missouri that evidence of subsequent remedial measures is inadmissible in negligence actions to establish a defendant's antecedent negligence. *Pollard v. Ashby*, 793 S.W.2d 394, 401 (Mo.App. E.D.1990). However, post-accident remedial measures can be admitted for certain limited purposes, such as proving ownership or control, showing feasibility of precautionary measures when controverted, and impeaching or rebutting witness testimony. *Id.* Plaintiff cites *Hickey v. Kansas City Southern Railway Company*, 290 S.W.2d 58, 59–60 (Mo.1956), for the proposition when defendant makes statements in effect saying the condition at issue could not be changed, plaintiff should be permitted to show the contrary is in fact true. In *Hickey*, defense counsel, in his opening statement, said the gutter in issue could not be filled, "because

---

**2.** Plaintiff further argues in his Point Relied On that the post-accident modifications were admissible to rebut defendant's evidence the ramp needed no modification, was state-of-the-art, and the signs and warnings were over and above what was required. Plaintiff's brief fails to comply with Rule 84.04(d) in that it does not cite any

legal authority nor argument to support this part of his Point Relied On. We are under no obligation to review a brief which fails to conform with Rule 84.04, and therefore we decline to further comment on this aspect of plaintiff's Point.

that is the way rain drains off into the storm sewers." *Id.* at 61. In fact, the gutter had been filled, and plaintiffs were allowed to introduce this fact to counter the inference defendant could not remedy the conditions at issue. *Id.* Plaintiff also cites case law that is not binding on this Court and that takes a more liberal approach to the issue of feasibility than the approach adopted by Missouri courts. *See Anderson v. Malloy,* 700 F.2d 1208 (8th Cir.1983). We find Missouri law to be dispositive of the issue and decline plaintiff's invitation to expand the issue of feasibility.

In this case, plaintiff questioned defendant's expert witness extensively on the issue of whether safety on the ramp could be improved. The expert witness' responses did not put the feasibility of subsequent modifications in issue. In fact, the expert admitted modifications could be made, but he could not quantify the success of such modifications. Defendant did not put the feasibility of subsequent modifications in issue, and therefore the trial court's discretionary ruling is affirmed.

Based on the foregoing, we affirm the trial court's judgment.

GRIMM, P.J., and PUDLOWSKI, J., concur.