Catherine C. HOLTKAMP (Plaintiff),
Respondent,

v.

Emmett Arthur GIBBS and Helen Gibbs
(Defendants), Appellants.

No. 30964.

St. Louis Court of Appeals.

Missouri.

July 17, 1962.

Edwards, Wright & Seigfreid, Jerome W. Seigfreid, Jackson A. Wright, G. Andy Runge, Edward D. Hodge, Mexico, for appellants.

Barnes & Barnes, Latney Barnes, Mexico, for respondent.

WOLFE, Judge.

This is a suit brought to recover damages arising from personal injuries that the plaintiff sustained. The injuries were inflicted when the automobile in which she was driving was struck by a car driven by Emmett A. Gibbs. Gibbs, by motion, asked that Helen Gibbs, his wife, be made a party defendant so that they could join in a counterclaim for damages to the automobile driven by Gibbs and jointly owned by them. Helen Gibbs was joined as a defendant, and they counterclaimed against the plaintiff. There was a verdict and judgment for the plaintiff on her cause of action, and also in her favor on the counterclaim. The defendants appealed.

The facts of the case are that Mrs. Holtkamp was driving her husband's car on her way to work on April 16, 1959. She was proceeding northwardly on Calhoun Street in the City of Mexico, Missouri. This street runs to the north and south and is intersected by Promenade Street, which runs to the east and west. Calhoun Street, as it runs northwardly toward Promenade Street, rises slightly until it reaches an elevation of about 3½ feet higher than the Promenade intersection. This elevation is about a half a block from the intersection, and from this point Calhoun Street slopes gradually downward toward Promenade. On the southwest corner of the intersection there was a house that stood back 37 feet from the south curb of Promenade Street and 3½ feet from Calhoun. It had a picket fence 4 feet high on the Calhoun side. The

fence was on a terrace about 18 inches above the street level and extended along Calhoun up to a point about 9 feet from the curb of Promenade. There were shrubs along the fence in the yard that it enclosed. Parking was permitted only on the south side of Promenade Street, and there were cars parked there, to the west of the intersection, at the time in question.

When the plaintiff Mrs. Holtkamp reached a point about 45 feet south of Promenade Street, as she was going northward on Calhoun, she saw the car driven by defendant Gibbs 120 feet west of the intersection driving eastward. It appeared to her at this view to be moving at a "high speed". She was traveling at 10 miles per hour at the time, but she slowed almost to a stop at the intersection, and she proceeded to cross Promenade. She testified that at this point she did not know his speed, and she proceeded into the intersection because she thought that she had time to cross in front of the defendant's car and thought she had the right of way. She had reached a speed of 15 miles per hour. Her car was in the right lane of Calhoun Street, and the front of the car passed the center line of Promenade when it was struck on the left side by the car Gibbs was driving. Gibbs' car was partly over the center line of Promenade. The plaintiff's car was knocked into a tree near the northeast corner of the intersection, and she suffered a "whiplash" injury. No point is raised in relation to the injuries that the plaintiff suffered, so they will not be further elaborated upon.

Gibbs testified that he was traveling eastwardly on Promenade Street, and that as he approached the intersection his speed was 20 miles per hour. He said that his view of the intersection was blocked by a car parked on the south side of the street and by the fence and shrubbery about the house on the corner. He said that he looked right and left when he was 20 feet from the intersection and saw no automobile. He said that he did not see the plaintiff's car until the moment of impact. The car that Gibbs was

driving was owned by him and his wife, and the title was in "Emmett Arthur Gibbs and Helen Gibbs, right to survivorship".

Both the plaintiff's cause of action and the defendant's counterclaim were submitted on primary negligence.

All points raised by the defendant relate to the counterclaim of Gibbs and his wife. It is contended that as the title to the automobile was in the names of Emmett Arthur Gibbs and Helen Gibbs, it was owned by both in the entirety. Having reached this conclusion, it is asserted that the negligence of Emmett Gibbs cannot be imputed to Helen Gibbs, and that therefore there should have been a judgment in favor of both defendants on the counterclaim, if the plaintiff was guilty of negligence contributing to the collision. We are cited to Smith v. Smith, Mo.App., 300 S.W.2d 275, and Herrell v. St. Louis-San Francisco Ry. Co., 324 Mo. 38, 23 S.W.2d 102, 69 A.L.R. 470. Neither of these is authority for the point advanced, and we need not further consider it, for the reason that the appellant predicates the point upon the assumption that the plaintiff was guilty of contributory negligence as a matter of law

In urging that the plaintiff was guilty of contributory negligence as a matter of law, the appellant states that the plaintiff saw Gibbs' car approaching the intersection, knew it was traveling at a high rate of speed, and not knowing whether it would stop and permit her to cross in safety, she failed to sound a warning and drove into the intersection. This quite ignores the fact that the plaintiff had the right of way and that, according to the defendant's testimony, he never reached a speed of more than 20 miles per hour. It also overlooks the fact that Gibbs' car was 80 feet from the west side of the intersection. The position of the cars as they came to rest was in the northeast quadrant of the intersection. There seems to be no doubt that the collision took place while the cars were upon the plaintiff's side of the street, which would

have given her additional space in which to cross. The obvious facts of the matter are that the defendant Emmett A. Gibbs was not looking and drove into the intersection. His view was blocked, and without attempting to see if a car was approaching on his right, he did not stop or slow down. We are cited to a number of cases where the courts held one or the other party to a suit guilty of negligence as a matter of law. None of them are comparable in facts to the case before us. Here the jury could, and probably did, accept the defendant's statement that his speed never exceeded 20 miles per hour as he approached the intersection, and from this there was nothing to alert the plaintiff that he would not yield the right of way when she saw him still some distance from her.

We cannot hold that the plaintiff was guilty of negligence as a matter of law. In passing upon this question we must bear in mind that the plaintiff's negligence is for the jury to determine; unless it may be said from all the evidence and proper inferences therefrom, viewed in the light most favorable to the plaintiff, that the only reasonable conclusion is that the plaintiff was negligent and that her negligence was the proximate cause of her injury. We cannot so hold upon the evidence here. Dye v. Geier, Mo.Sup., 345 S.W.2d 83; Kickham v. Carter, Mo.Sup., 314 S.W.2d 902; Moore v. Southwestern Bell Telephone Company, Mo.Sup., 301 S.W.2d 817.

One other point is raised relating to a sole cause instruction covering the counterclaim. It is contended that it fails to hypothesize facts showing that the plaintiff was not guilty of negligence. This point is not raised in the motion for a new trial, or the alternative request for a judgment in accordance with plaintiff's motion for a directed verdict. It is therefore not properly before us for review, but we have examined all of the instructions, including the one of which the appellant complains, and find that the instruction sufficiently covered all of the issues to be determined.

For the reasons stated, the judgment is affirmed.

ANDERSON, P. J., and ELGIN T. FULLER, Special Judge, concur.