Bonita T. FERGUSON, Appellant,

v.

Dwayne L. BOYD, Respondent.

No. 53798.

Supreme Court of Missouri,
Division No. 1.

Jan. 12, 1970.

Formby & Stewart, James S. Formby and Robert E. Stewart, Kansas City, for appellant.

Joseph B. Bott, Lester J. Vandever, Deacy & Deacy, and Dan Sawyer, Kansas City, for respondent.

HENLEY, Judge.

This is an action for damages for personal injuries suffered by plaintiff as a result of a collision between the plaintiff-passenger's automobile driven by defendant and another automobile. The prayer is for $87,500. Verdict and judgment were for defendant and plaintiff appealed. We affirm.

The case comes to the writer on reassignment.

Plaintiff pleaded, and submitted her case on the theory, that defendant was negligent in driving her automobile at night without lights. Section 304.310, RSMo 1959, V.A.M.S.

Plaintiff's main point is that the court erred in overruling her motion for a directed verdict filed at the close of all the evidence, because, she says, there is no real dispute and the evidence is uncontradicted that defendant did, in fact, drive the automobile at night without lights on a public street.

Plaintiff is a resident of Kansas City and was, on the date of the collision and prior thereto, employed at night as a cocktail waitress in a downtown cafe. Defendant is a resident of Cumberland, Maryland, and was, on the date of the collision and for several days prior thereto, in Kansas City on business for his employer. This accident occurred near six a. m. on October 18, 1966, at the intersection of 17th and Baltimore streets in Kansas City. Plaintiff's automobile, with plaintiff sitting on the passenger's side of the front seat, was being driven by defendant south on Baltimore toward 17th when an automobile being driven north on Baltimore by William H. Johnson made a left turn onto 17th street and collided with plaintiff's automobile in the intersection. Defendant admits plaintiff was injured as a result of the collision.

Defendant, called as a witness by plaintiff, testified that he met plaintiff near two a. m. on October 18th in a cafe, after she had left her place of employment; that they visited and drank coffee laced with bourbon from his bottle, but neither of them became intoxicated; that as she left the cafe to walk to the garage where her automobile was parked, he offered to, and did, assist her by carrying a large number of packages she had with her; that when they arrived at the garage she got in on the driver's side of her automobile and started the motor; that he put her packages in from the righthand side and asked if she would drive him to the Kansas City Club, where he was staying; that she agreed to do so, but suggested that he drive, because she was tired; that he drove from the garage to the scene of the collision. He further testified that since she had started the motor and made no mention of the lights, he assumed they had been turned on, but that he could not say "positively" whether or not they were on or off as he drove; that the streets over which they traveled were well lighted with vapor lights and that she did not suggest to him at any time that the car lights were off, if they were.

He further testified that after he returned to his home in Maryland he called his Kansas City lawyer and told him that he was the driver of one of the automobiles involved in this collision; that he was thereafter charged in a Kansas City court with careless driving, entered a plea of guilty through his attorney, and paid a fine of $25. Explaining his reason for this action, he stated that he was in Maryland when he was charged; that he did not want to have to make a long and expensive trip back to Kansas City for a court appearance, and that for this reason and on advice of counsel, he authorized his attorney to appear and plead for him.

Plaintiff testified that she did not know whether the lights of her automobile were on or off.

William H. Johnson, driver of the northbound left-turning automobile, was en route to his employment before daylight. He was called as plaintiff's witness and testified that the lights of the southbound automobile were not on as it approached the intersection and ran into his car.

Plaintiff contends it is clear from this evidence that there is no real dispute as to the basic fact of whether defendant was driving the automobile without lights at a time when it was negligent to do so; that these facts showed negligence as a matter of law and, together with his "unexplained" plea of guilty to careless driving and the admission that plaintiff was injured, required the court to direct a verdict in her favor.

■ The general rule is that where the proof of a party asserting the affirmative of a determinative issue is oral, such party is not entitled to a directed verdict although the opposing party offers no evidence, because the value and weight of the proponent's evidence and the credibility of his witnesses is for determination by the jury. Cluck v. Abe, 328 Mo. 81, 40 S.W.2d 558; Rogers v. Thompson, 364 Mo. 605, 265 S.W. 2d 282, 287. "Ordinarily it is the function of the jury to pass upon all oral evidence, and in doing so it may find against a party on his uncontradicted and unimpeached evidence." Beezley v. Spiva, Mo., 313 S.W.2d 691, 695 [6].

Plaintiff recognizes the rule, but asserts the facts in this case bring it within exceptions stated in Rogers v. Thompson, supra, at l. c. 265 S.W.2d 287: "This general rule is not applicable in unusual situations where defendant in his pleadings or by his counsel in open court admits plaintiff's claim, or by his evidence also establishes plaintiff's claim [cases cited], or where there is no

real dispute of the basic facts supported by uncontradicted testimony essential to a claim or an affirmative defense."

Plaintiff's argument in connection with the exceptions to the rule is, specifically, that defendant admitted her claim when he admitted that he had pleaded guilty to careless driving, and that, under the evidence, there is "no real dispute of any basic facts necessary to a verdict for [her]."

■ We do not agree with plaintiff's contention. While defendant did admit he had pleaded guilty to a careless driving charge growing out of the collision, this is not a conclusive admission of plaintiff's claim. The fact that he did so plead is admissible in evidence for consideration by a jury, but it is not conclusive, and may be explained. Howard v. Riley, Mo., 409 S.W. 2d 154, 156 [1]. Defendant explained his plea. His explanation or reasons for pleading guilty along with his admission are for a jury to weigh and value in determining the issues in the case. It is not for the trial court to assume to find negligence as a matter of law under these circumstances, as plaintiff contends, and direct a verdict. Defendant did not make a judicial admission of the existence of a set of facts which established as a matter of law his liability to plaintiff.

■ In asserting there is no real dispute as to any of the basic facts, plaintiff overlooks defendant's answer denying the allegations of her petition. She erroneously characterizes defendant's testimony that he did not know whether the lights were on as an uncontroverted admission of fact that the lights were off, and concludes that this was the proximate cause of the collision. From this and the testimony of Mr. Johnson she erroneously concludes there is no real dispute and, therefore, she was entitled to a directed verdict. Plaintiff's conclusions do not bring her evidence within the exceptions to the rule.

**904**

In Beezley v. Spiva, Mo., 313 S.W.2d 691, 695 the court said " * * * it is at least very seldom that a trial court is justified in directing a verdict in favor of a party having the burden of proof where the case depends upon oral testimony."

Plaintiff, of course, had the burden of proof; the evidence to support her allegations of negligence consisted solely of oral testimony; a jury was not required to believe this testimony; and, defendant made no judicial admission of her claim. In these circumstances, the court would have usurped the function of the jury had it directed a verdict for plaintiff; hence, the court did not err in overruling plaintiff's motion at the close of all the evidence.

Plaintiff's last point is that the court abused its discretion in not granting her a new trial, because (1) the verdict was against and contrary to the evidence in that she was entitled to a directed verdict as a matter of law, and (2) the verdict was the result of passion and prejudice.

Plaintiff's argument in support of the first part of this point is the same as that presented in support of her main point. We have ruled the main point, holding that she was not entitled to a directed verdict, and what we said there necessarily disposes of this contention.

▆ The second part of plaintiff's last point is raised for the first time in her brief in this court. It was not assigned as error in her motion for new trial and, therefore, is not preserved for review. Civil Rule 79.03, V.A.M.R.

The judgment is affirmed.

SEILER, P. J., concurs.

HOLMAN, J., not sitting when cause was submitted.

STORCKMAN, J., absent.