Clara PICONE, Respondent,

v.

John Joseph DeSTEFANO, et al., Appellants.

No. 25297.

Kansas City Court of Appeals,
Missouri.

April 6, 1970.

Bernard Passer, Kansas City, for appellants.

Roger J. Barbieri, Barbieri, Combs & Gotschall, Kansas City, for respondent.

JAMES W. BROADDUS, Special Commissioner.

This case involves a dispute over the distribution of certain funds derived from the sale of a small piece of real estate in Kansas City, Missouri. The trial court found in favor of plaintiff and defendants appealed.

Plaintiff-respondent has filed a motion to dismiss the appeal on the grounds that appellants have failed to comply with the Rules of Civil Procedure and that their motion for new trial preserved nothing for review.

Rule 83.05 of the Rules of Civil Procedure, V.A.M.R., provides:

"(e) Points Relied On.

"The points relied on shall briefly and concisely state what actions or rulings of the Court are claimed to be erroneous and briefly and concisely state why it is contended the Court was wrong on any action or ruling sought to be reviewed."

Illustrating the complete failure of appellants to comply with this Rule we set forth their "Point No. 1."

"No problem existed as far as the property in question was concerned between the respondent and the appellants herein and the appellants in the original cause until the Redevelopment Corporation offered to purchase and in fact did purchase the prop-

erty in question. Respondent in her testimony, stated that 'prior to that time there was no trouble.' "

Nor do the other two points state what actions or rulings of the Court are claimed to be erroneous and why it is contended the Court was wrong in its rulings.

Appellants' motion for new trial is as follows:

"Come now the defendants in the above styled cause, * * *, and file this Motion for New Trial stating as grounds, that the verdict of this Honorable Court was against the weight of the evidence given in the cause and also on the additional grounds that the verdict was against the law.

"Wherefore, the defendants * * * and each of them pray the Court to grant them a new trial."

In the case of Schneider v. Southwestern Bell Telephone Co., Mo.App., 413 S.W.2d 16, 19, it is said:

"The dual purpose of an after-trial motion is stated tersely in Fruit Supply Co. v. Chicago, B. & Q. Ry. Co., Mo.App., 119 S.W.2d 1010: 'The office of a motion for a new trial is to gather together the rulings complained of as erroneous and solemnly and formally present them, one by one, in black and white to the judge in order that he have a last chance to correct his own errors without the delay, or expense, or other hardships of an appeal. This much is required. Less does not preserve the rulings for review.' This is a well established principle of our law of trial and appellate procedure. Lloyd v. Garren, Mo., 366 S.W.2d 341 [6, 7] This principle requires that the grounds of an after-trial motion be specific, not general."

The above case held, in line with the well settled rule, that grounds in the motion for a new trial that the verdict was against the weight of the evidence, and was against the law under the evidence were too general and preserved nothing for review.

It follows from what we have said that respondent's motion should be sustained and the appeal dismissed. Your Special Commissioner so recommends.

PER CURIAM:

The foregoing opinion by JAMES W. BROADDUS, Special Commissioner, is hereby adopted as the opinion of the Court and the appeal is dismissed.

All concur.