William Glenn YOST, Respondent-Plaintiff,

v.

Merle Lee BRYANT, Appellant-Defendant.

No. KCD 29655.

Missouri Court of Appeals, Kansas City District.

July 31, 1978.

James O. Turner, Turner & Whetsell, St. Joseph, for appellant-defendant.

Alden S. Lance, Savannah, for respondent-plaintiff.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

TURNAGE, Judge.

William Yost brought suit against Merle Bryant for personal injuries as a result of an automobile collision. The court entered judgment in favor of Yost on a jury verdict for $25,000. Bryant appeals on the contention the evidence showed Yost was contributorily negligent as a matter of law. Affirmed.

The accident occurred at about 8:00 P.M. in June, 1972, at an uncontrolled intersection of two gravel roads in Caldwell County. Yost testified he was driving his pickup truck south at 35 mph. He testified the intersection was generally level, with the road he was traveling running north and south and the other road east and west. When Yost was about 75 feet north of the intersection, he observed Bryant traveling west about 150 feet east of the intersection. Yost stated he thought he had the right of way and believed he had sufficient time to clear the intersection although he made no estimate of the speed of the Bryant car at the time he observed it. After observing the Bryant car, Yost looked to the west and did not see any traffic. Yost was in the intersection south of the centerline of the east-west road when he next saw the Bryant car. At that time Bryant was about

a car length away and was skidding toward the Yost truck. Bryant's car struck the left side of the truck at the left wheel. The truck traveled about 30 feet south and overturned. A highway patrolman testified Bryant left 117 feet of skid marks up to the point of impact.

Bryant admitted he had pleaded guilty to a charge of failure to yield the right of way as result of this accident. He stated he was traveling some 30 to 45 mph and knew Yost had the right of way at the intersection. He stated he put on his brakes and thought he could stop but was unable to do so.

Bryant's sole contention on this appeal is error on the part of the trial court when it refused to enter judgment in his favor pursuant to his motion because Yost was contributorily negligent as a matter of law. Bryant bases this contention on the failure of Yost to look back to the east to check the location of Bryant's car before he entered the intersection.

Of course, the question of Yost's negligence was for the jury "unless it may be said from all the evidence and proper inferences therefrom, viewed in the light most favorable to the plaintiff, that the only reasonable conclusion is that the plaintiff was negligent and that her negligence was the proximate cause of her injury." *Holtkamp v. Gibbs,* 359 S.W.2d 414, 416[1, 2] (Mo.App.1962).

*Holtkamp* involved facts essentially similar to those in the case at bar. There the plaintiff observed defendant's automobile before she entered the intersection but did not estimate his speed. She proceeded into the intersection because she thought she had time to make it safely across and because she thought she had the right of way. The court there rejected the claim of contributory negligence as a matter of law and observed the defendant ignored the fact the plaintiff had the right of way.

In this case Yost had the right of way under § 304.351(1, 2) RSMo 1969, because the jury could have found Yost entered the intersection first and Yost was the driver of the vehicle on the right. Furthermore, Bryant acknowledged that he knew Yost had the right of way. Moreover Bryant pleaded guilty to failure to yield the right of way in this accident and while this plea is not conclusive, it was admissible in evidence for consideration by the jury. *Ferguson v. Boyd,* 448 S.W.2d 901, 903[3, 4] (Mo. 1970).

Whether or not Yost was guilty of contributory negligence when he entered the intersection without looking toward the Bryant automobile a second time would not obviate the fact Yost had the right of way which placed the primary duty on Bryant to allow Yost to pass in safety.

Bryant relies on cases such as *Burton v. Moulder,* 245 S.W.2d 844 (Mo.1952). However, *Burton* involved a plaintiff who had a stop sign before entering the intersection and observed the defendant's automobile before he moved from a position of safety at the stop sign into the intersection. That case is not comparable to the facts in the case at bar. Bryant has not cited any case on facts comparable to those presented here in which the plaintiff was found to be contributorily negligent as a matter of law. On the contrary, *Holtkamp* is the case which appears to be closest on the facts, and there the court refused to hold the plaintiff contributorily negligent as a matter of law. The issues of Bryant's negligence and Yost's contributory negligence were properly submitted to the jury and resolved by them.

The judgment is affirmed.

All concur.