Donald HARTLEY and Danna Sue
Hartley, husband and wife,
Plaintiffs-Appellants,

v.

Tamara E. MATEJKA,
Defendant-Respondent.

No. 10746.

Missouri Court of Appeals,
Southern District,
Division Two.

July 20, 1979.

Robert H. Handley, Church & Handley, Springfield, for plaintiffs-appellants.

Leland L. Gannaway, Taylor, Stafford, Gannaway & Woody, Springfield, for defendant-respondent.

BILLINGS, Presiding Judge.

Plaintiff Donald Hartley was awarded $75 damages in his claim for personal injuries, and the jury found in favor of the defendant on plaintiff Danna Hartley's count for loss of consortium. We affirm.

Liability of the defendant for her automobile rear-ending the car being occupied by Donald was not a serious trial issue. Donald's vehicle was stopped at a stop light when defendant's car, travelling five to ten miles an hour, ran into the stopped automobile. The collision caused two cracks in the paint on the front bumper of the defendant's car and two small bumps on each side of the rear license plate of the stopped vehicle. The front car moved ahead three or four feet after it was struck by defendant's automobile.

Donald, a Springfield police officer, remained at the scene while another officer investigated the accident. He then drove his automobile, a police car, to police headquarters and filled out an accident report. After completing the report, Donald went to the emergency room of a Springfield hospital for examination and X-rays for which a total charge of $74.40 was made. Four or five months later he received treatment from a chiropractor. Some time later he was examined by another doctor but not treated. Almost ten months after the accident he received acupuncture treatments from a Springfield physician. He did not lose any wages from his regular job as a police officer and left his "moonlighting" job as a store detective at a local department store 48 weeks after the collision. His chief complaint of injury was to his back and both he and his wife testified as to his complaints, limiting of his activities, and his general condition of health before and after the collision. His petition sought damages for the charges made at the emergency room, charges by the acupuncture physician, lost wages, plus a sum for pain and suffering. Plaintiff-wife, in response to her counsel's question "Is there any difference in your marital relations with your husband?", replied: "Yes, there has been a difference. He just has not been the same since the accident."

Plaintiffs' first assignment of error in this appeal is that the verdict of the jury was against the weight of the evidence. This point preserves nothing for appellate review. *Robbins v. Robbins,* 328 S.W.2d 552 (Mo.1959). Such an assignment in itself implies that there is some evidence to support the verdict. *Palmer v. Lasswell,* 267 S.W.2d 492 (Mo.App.1954). Whether a jury's verdict is against the weight of the evidence is a question for the trial court alone. *Wilcox v. Coons,* 362 Mo. 381, 241 S.W.2d 907 (banc 1951). The weight of the evidence is not a matter for an appellate court. *Borden v. Phillips Petroleum Co.,* 541 S.W.2d 53 (Mo.App.1976); *Herrman*

*Lumber Co. v. Cox,* 521 S.W.2d 4 (Mo.App. 1975).

Plaintiffs' second point, that the jury's verdict was so grossly inadequate as to indicate that it resulted from passion and prejudice, meets a similar fate. Rule 78.07, V.A.M.R., requires that allegations of error (with certain exceptions not applicable herein) must be presented to the trial court in a motion for a new trial. Rule 84.13(a) states that no allegations of error shall be considered on appeal, except such as have been presented to the trial court. General allegations in the motion are sufficient if based upon specific objection or requests made during the trial. Otherwise specific allegations must be made. In any event the allegations must be sufficiently definite to direct the court's attention to the partic-ular acts or rulings asserted to be erroneous. Thus, the grounds of an after-trial motion must be specific, not general, and deficiencies in an after-trial motion cannot be supplied by appellant's brief. *Pasley v. Newton,* 455 S.W.2d 43 (Mo.App.1970).

Plaintiffs' motion for new trial states: "The jurors were prejudiced against the plaintiffs." This general allegation is insufficient to preserve the matter of inadequacy of damages for review for two reasons. First, appellate review is limited to the ground advanced in the after-trial motion and an appellant cannot change horses in the appellate stream. Secondly, a complaint that a recovery is excessive or inadequate is a matter that should first be presented to the trial court in a motion for new trial. *Abco Assisting Building Const. Office Inc. v. Bagley & Co.,* 304 S.W.2d 43 (Mo.App.1957). As demonstrated, plaintiffs' motion for new trial is silent on their present claim of inadequate damages. The insufficiency of the verdict, not having been raised in their motion for new trial, cannot now be raised. *Cargill Inc., Commodity Marketing Div. v. Hale,* 537 S.W.2d 667 (Mo.App.1976); *Cook v. Wheeler,* 218 S.W. 929 (Mo.App.1920).

Plaintiffs' remaining point concerns the failure of the jury to award plaintiff-wife damages on her claim for loss of consortium. They contend the verdict in favor of the defendant on the consortium claim is inconsistent as a matter of law in view of the verdict in favor of plaintiff-husband. Reliance is placed on the line of cases which hold that when evidence of loss of consortium is undisputed and the jury has found that the husband has suffered a *substantial injury,* a verdict against the wife on her consortium claim is inconsistent and the verdict should be set aside and a new trial granted. *Barlow v. Thornhill,* 537 S.W.2d 412 (Mo. banc 1976), and cases cited therein. (Our emphasis).

The difficulty confronting instant plaintiffs is that, under the evidence at trial, the jury must have necessarily concluded plaintiff-husband did not sustain substantial injury as a result of the collision of the two cars. While it is true that in order to make any award to plaintiff-husband by way of damages the jury determined the issue of liability against the defendant, the damages awarded him barely exceeded the cost of the medical examination which he had following the incident. The jurors, as fact-finders, were the sole judges of the credibility of the witnesses and the weight to be given to their testimony and at liberty to believe or disbelieve the witnesses' testimony. *Robinson v. St. John's Medical Center, Joplin,* 508 S.W.2d 7 (Mo.App.1974). Thus, the jury could find plaintiff-husband was not physically injured as a result of the collision, but, nevertheless, award him the approximate cost of the initial medical examination by way of damages. The point is denied.

The judgment is affirmed.

HOGAN and MAUS, JJ., and KELSO, Special Judge, concur.