Angelique J. LAIR, Appellant,

v.

Jerold E. LANCOURT, M.D.,
Respondent.

No. WD 38597.

Missouri Court of Appeals,
Western District.

July 21, 1987.

Rehearing Denied Sept. 1, 1987.

ded with Webril. Both legs were cuffed and fastened to outriggers. Traction was applied to the left leg. The femur was exposed and a metal plate and screws were placed in the femur. The operation took about four hours, although the traction was applied for only an hour and a half.

The labial ulcer evidently was caused by the pressure of the perineal post against her perineum but plaintiff did not undertake to show what specific negligence of defendant was the legal cause. Her theory was that the injury was of a kind which would not have occurred except for the negligence of the physician.

Plaintiff's case, over defendant's objection, was submitted by the MAI Res Ipsa Loquitur instruction (MAI 31.02). The propriety of this submission is not before us. For a discussion of the traditional res ipsa loquitur case as over against the medical malpractice case based upon general negligence proved by circumstantial evidence, see *Hasemeier v. Smith*, 361 S.W.2d 697 (Mo. banc 1962).

Plaintiff argues that she was entitled to a directed verdict at the close of all the evidence, or to a judgment notwithstanding the verdict. She bases this argument on the principle of *Shephard v. Hunter*, 508 S.W.2d 234, 237–238 (Mo.App.1974) and *Zagarri v. Nichols*, 429 S.W.2d 758, 760 (Mo. 1968), which is that a verdict may in rare cases be directed for the party having the burden of proof "as in the case where the defendant in his pleadings or by his counsel in open court admits or by his own evidence establishes plaintiff's claim, or 'where there is no real dispute of the basic facts supported by uncontradicted testimony essential to a claim.' ..." 429 S.W.2d at 760 (quoting *Rogers v. Thompson*, 364 Mo. 605, 265 S.W.2d 282, 287 (Mo. banc 1954)).

For her claim that she was entitled to directed verdict, plaintiff asserts that the *defendant's evidence* proved her case and entitled her to judgment N.O.V. She points to the *testimony of defendant's expert, Dr. Barnard. As plaintiff casts Dr. Barnard's testimony, it was that plaintiff's injury was caused by one of three causes, namely, by improper padding of the peri-

Kelly Sears, Kansas City, Robert V. Eye, Topeka, Kan., for appellant.

William A. Lynch, Patricia Cray Mach, Kansas City, for respondent.

Before BERREY, P.J., and TURNAGE and KENNEDY, JJ.

KENNEDY, Judge.

Plaintiff appeals from a judgment entered upon an adverse jury verdict in her claim against defendant orthopedic physician for medical malpractice. We affirm.

Defendant performed a surgical operation upon the plaintiff to reunite a long-standing nonunion of the femur of her left leg. The operation was successful, but in the course of it plaintiff developed pressure-caused necrotic ulcers on her labial tissue in her perineum. Plaintiff claims the ulcers were caused by defendant's negligence in performing the operation.

The procedure for the surgery was to place the anesthetized patient upon a Chic operating table. She was positioned astraddle a perineal post, which was pad-

neal post, by improper placement of the perineal post, or by excessive traction, or by some combination of the three. Any one of the three, according to Dr. Barnard's testimony, would be a deviation from the acceptable standard of care. Each of such operations was of course under the control of the defendant surgeon. This evidence, says plaintiff, was binding upon defendant, since it was offered by him, it removed all fact issues from the case and made an irrefutable res ipsa loquitur case for her, which entitled her to judgment N.O.V.

Plaintiff seems to believe that, since Dr. Barnard was defendant's witness, defendant is bound by the isolated portion of his testimony, which we have referred to in the preceding paragraph, without reference to any other testimony in the case. Plaintiff is mistaken in this belief. "A party is not conclusively bound by the evidence of his witnesses (except his personal testimony) if he has other evidence to the contrary." *Kiger v. Terminal Railroad Association of St. Louis*, 311 S.W.2d 5, 12 (Mo.1958). *See also* cases collected at 20 Mo.Dig.2d Evidence Key No. 591 (1984 & Supp.1986). A party may not select some portion of his adversary's evidence and saddle him with it, closing his eyes to all the rest of the evidence.

■ There was, to the contrary, positive evidence that the padding and placement of the perineal post were proper, and that the traction applied was not excessive. Defendant himself described each operation and testified that it was performed correctly. Defendant's expert, Dr. Barnard, testified that the methods and procedures described by the defendant and described also by circulating nurse Mary Stannard and by defendant's surgical assistant Richard McLauchlen were in his opinion appropriate. Surgical assistant McLauchlen whose task it was to apply the traction, said he pulled gently and used only light traction. He testified that even after the traction was applied, he could insert his hand between the patient's perineum and the perineal post. Nurse Stannard testified that the patient's urine continued to flow through the catheter throughout the operation, indicating that the catheter was not pinched by the perineal post. Defendant, the nurse and the surgical assistant all testified that the padding was normal and sufficient.

Both Dr. Barnard and defendant himself testified that the kind of ulcer which developed in plaintiff's labial area occurred in rare occasions with some patients despite the fact that recognized and accepted precautions were taken. Defendant testified that the kind of injury plaintiff had was reported in the literature as a recognized complication. Both defendant and Dr. Barnard testified in effect that the time and traction required by the operation probably resulted in more pressure in plaintiff's perineum than the tissue could bear, but both said in effect that this result could not have been foreseen and that it was not the result of any failure to use due care.

The evidence in this case does not approach that unequivocal admission by defendant of facts constituting negligence as a matter of law which would have entitled plaintiff to a directed verdict.

■ Furthermore: If all the causation evidence in the case were that part of Dr. Barnard's testimony which plaintiff has isolated; if that testimony were unmodified and uncontradicted; and if it made a res ipsa loquitur case for plaintiff, cf. *Hasemeier v. Smith, supra,* that still would not entitle plaintiff to a directed verdict, or to judgment N.O.V. in this case. Res ipsa loquitur in a proper case only makes a prima facie case for the plaintiff. *Frazier v. Ford Motor Co.*, 276 S.W.2d 95, 98 (Mo. banc 1955). It *allows* the jury to draw an inference of negligence from the circumstances, but it does not *require* such an inference as a matter of law. *Swan v. Tygett*, 669 S.W.2d 590, 591–92 (Mo.App. 1984). "Res ipsa loquitur means that the facts of the occurrence warrant the inference of negligence, not that they compel such an inference, and the issue is for the jury even though the defendant has offered no evidence to explain or rebut plaintiff's prima facie case." *Eickmann v. St. Louis Public Service Co.*, 323 S.W.2d 802, 805

250

(Mo.1959). "The argument ... was that if plaintiff's evidence was sufficient to establish a case under the [res ipsa loquitur] doctrine, then negligence could be *presumed.* This is not the law in Missouri. Negligence in such a case may be *inferred* but it may not be *presumed.*" *Smith v. Wabash Railroad Co.*, 416 S.W.2d 85, 90 (Mo. banc 1967). (Emphasis in original.)

It would have been the clearest error for the trial court to have directed a verdict for plaintiff in this case, or to have granted her judgment N.O.V.

Plaintiff's other point is that the court erred in refusing his motion for a new trial on the ground that the verdict was against the weight of the evidence, and that the verdict was the result of passion and prejudice. The weight of the evidence is for the trial court; we do not review his ruling on this point. *Roberts v. Wayne*, 624 S.W.2d 523, 525 (Mo.App.1981); *Hartley v. Matejka*, 585 S.W.2d 240, 241 (Mo.App.1979). The complaint that the verdict was the result of passion and prejudice was not raised in plaintiff's motion for a new trial and is not preserved for review. Rule 78.-07. *Ferguson v. Boyd*, 448 S.W.2d 901, 904 (Mo.1970); *Hartley v. Matejka*, 585 S.W.2d at 242

Judgment affirmed.

All concur.