**Rose OTTINGER, Plaintiff–Appellant,**

v.

**R. Morton BOLMAN, III, M.D.
and Washington University,
Defendant–Respondent.**

**No. 59294.**

Missouri Court of Appeals,
Eastern District,
Division Three.

May 19, 1992.

274 ■

James F. Koester, Kenneth D. Koester, St. Louis, for plaintiff-appellant.

Peter F. Spataro, Laurie S. Wright, St. Louis, for defendant-respondent.

PUDLOWSKI, Presiding Judge.

This is an appeal from an adverse judgment of plaintiff's medical malpractice claim.

On August 22, 1986, plaintiff filed her malpractice/wrongful death action against Wichita Falls General Hospital of Wichita Falls, Texas (hereinafter Wichita), Barnes Hospital and R. Morton Bolman, III, M.D. (Bolman). On October 21, 1986, Bolman filed a cross-claim against Wichita. On March 10, 1987, this court issued its permanent writ of prohibition directing the trial court to sustain the motion to dismiss filed by Wichita for lack of personal jurisdiction. On May 28, 1987, plaintiff dismissed Wichita without prejudice and all cross-claims were dismissed as well. On February 9, 1988, plaintiff dismissed Barnes Hospital without prejudice. On that same date, plaintiff was granted leave to add Washington University as a defendant and she filed her second amended petition. Defendants timely filed their answer which contained general denials.

Plaintiff later refiled her cause of action against Wichita in Texas. Before trial of that matter, plaintiff and Wichita entered into a settlement for $100,000.00. Subsequently, this matter was tried. The plaintiff alleged in her second amended petition that Bolman failed to order the retyping of the blood of the donor prior to the heart transplant surgery. The trial court instructed the jury, if they so found, the plaintiff was entitled to recover. Although Bolman pleaded a general denial of the alleged negligence, he presented unobjected testimony that Mireles, an employee of Wichita, mistyped the donor's blood and as a result caused the death of the decedent. The evidence pertaining to Mireles' negligence was substantial. The trial court instructed the jury, in conformity with Section 538.230.1 & 3 RSMo. The jury returned a verdict in favor of defendants and assessed 100% fault against Wichita. Additional pertinent facts will be supplied as plaintiff's points of error are discussed.

■ Plaintiff's first claim avers that the trial court erred in allowing evidence and instructing the jury in regard to the alleged

negligence of Wichita, because this was beyond the scope of the pleadings. Defendants in reply assert that plaintiff's point of error was not preserved for review. We agree.

In *Bowman v. Burlington Northern, Inc.*, 645 S.W.2d 9, 11 (Mo.App.1982) we said:

Two Supreme Court Rules provide for and limit our authority to review allegations of trial court error. Civil Rule 78.-07, V.A.M.R., requires that allegations of error (with certain exceptions not applicable herein) must be presented to the trial court in a motion for a new trial. General allegations in the motion for new trial are adequate if based upon specific objections or requests made during the trial. Otherwise, specific allegations must be made in the motion. In either case, however, the allegations must be *sufficiently definite to direct the trial court's attention to the particular acts or rulings asserted to be erroneous. Harley v. Matejka*, 585 S.W.2d 240 (Mo.App.1979); *State ex rel. State Highway Commission v. Heim*, 483 S.W.2d 410 (Mo.App. 1972); *Pasley v. Newton*, 455 S.W.2d 43 (Mo.App.1970). Civil Rule 84.13, V.A.M.R., declares simply that no allegations of error shall be considered on appeal except such as have been presented to or expressly decided by the trial court.

The rationale underlying Rules 78.07 and 84.13 has long been accepted in Missouri and was well stated in *Fruit Supply Co. v. Chicago B. & Q.R. Co.*, 119 S.W.2d 1010 (Mo.App.1938), as follows:

Assignments of errors in a motion for a new trial to warrant a review thereof on appeal may in some instances be general and not specific, but they must always be direct and not left to be inferred from what is directly assigned. The office of a motion for a new trial is to gather together the rulings complained of as erroneous, and solemnly and formally present them, one by one, in black and white to the judge in order that he have a last chance to correct his own errors without the delay, or expense, or other hardships of an appeal. This much is required. Less does not preserve the rulings for review. (emphasis added). Citations omitted.

This principle is fundamental to our law of trial and appellate procedure and the Rules declare it is mandatory in character. Civil Rules 78.07 and 84.13. A party, thus, is precluded from urging on civil appeal any allegation of error not properly presented to the trial court in a motion for new trial, and any deficiencies in the motion may not be supplied by appellant's brief.

The pertinent grounds of alleged error set out in plaintiff's motion for new trial are as follows:

2. That the court erred in submitting to the jury an instruction pursuant to § 538.230 RSMo comparing the fault of Wichita General Hospital to the fault of defendants, Dr. Bolman and Washington University.

3. Plaintiff had attempted to bring Wichita General Hospital into the cause of action that was pending in the State of Missouri. However, the Supreme Court [1] of the State of Missouri ruled that Missouri had no jurisdiction over Wichita General Hospital and by reason thereof required plaintiff to bifurcate her cause of action and to file her cause of action in both the State of Texas and in the State of Missouri.

4. Plaintiff was further prejudiced by the application of Section 538.230 RSMo by reason of the fact that defendant was permitted to present issues of liability against Wichita General Hospital and Homar Mireles at a time that Wichita General Hospital nor Homar Mireles provided a defense to the evidence and accusations of defendants, Washington University and Dr. Bolman. Because of the Supreme Court [sic] ruling that Missouri had no jurisdiction over Wichita General Hospital, the plaintiff was prevented from making a claim and presenting evidence against Wichita General Hospital although the defendant was allowed to make undefended claims and present un-

---

**1.** The Missouri Court of Appeals, Eastern District issued the order not the Supreme Court.

defended evidence against Wichita General Hospital and Homar Mireles.

Plaintiff argues that defendants were required to plead an affirmative defense in order to submit evidence and the instruction claiming that Wichita was at fault. A review of plaintiff's motion for a new trial asserts no allegation of the evidence or the instruction as beyond the scope of the pleadings. In her reply brief, plaintiff suggests that we review the alleged error as plain error. We reject such suggestion.

At no time did plaintiff make any objection to the reception of the evidence placing the fault upon Wichita. In fact plaintiff participated in exploring the issue on cross-examination. In addition we have reviewed all of the evidence and we find no plain error that affected the substantial rights of the appellant and conclude no manifest or miscarriage of justice occurred. Plaintiff's point is denied.

The plaintiff's second point claims the trial court erred in submitting respondents' verdict directing Instruction No. 10 against Wichita because: a) It was beyond the scope of the pleadings, b) the instruction failed to submit the ultimate facts to the jury and therefore gave the jury a roving commission.

Appellant's second point of error is likewise without merit. When pleadings are amended, whether expressly or impliedly, they are amended for all purposes. Missouri Rules of Civil Procedure, Rule 55.33(b). Having previously determined that the pleadings were amended to conform to the evidence, an instruction based on that evidence is within the scope of the amended pleading.

As to the claim under b) of plaintiff's second point we first look at the offered verdict instruction, "Second, Homar Mireles failed to properly perform the blood typing of the donor." Appellant claims that the phrase "failed to properly perform" was insufficient to submit the ultimate fact and therefore gave the jury a roving commission to determine negligence. We disagree.

The ultimate fact was not disputed as to Mireles. The unobjected testimony of defendants' expert revealed that in her opinion Mireles failed to exercise that degree of skill and learning of his profession when he typed the blood. There was no refutation of the allegation and in fact in closing argument, plaintiff's attorney asserted, "What is the fault of Homar Mireles? He made a mistake, no question he mistyped the blood. Nobody is arguing about that."

Plaintiff relies on *Grindstaff v. Tygett*, 655 S.W.2d 70 (Mo.App.1983). That opinion is distinguishable in that there was a dispute as to ultimate fact and the disputed instruction did give the jury a roving commission. We do not have that dispute before us. The issue before the jury was whether Bolman failed to order the retyping of the blood prior to the transplant surgery after Mireles mistyped the blood. The issue was clear. The jury believed that Bolman was not at fault and found that Mireles directly contributed (100%) to the cause of death of the deceased. Point two is denied.

Appellant's third alleged claim of trial error states that the appellant was prejudiced by a juror's misconduct.

A juror contacted one of defendant's expert witnesses outside the courtroom and discussed with the doctor her daughter's anticipated liver transplant. The plaintiff became aware of the discussion and asked for a mistrial. The court denied the request. The parties and their lawyers entered into a written stipulation agreeing to a jury of eleven jurors and that eight jurors were required to reach a verdict. All the parties and their attorneys signed the agreement. In addition, plaintiff's attorney on the record suggested and then agreed with defendants' attorney that neither party would raise the juror issue on appeal. Plaintiff disregarded that pact.

Nevertheless, plaintiff has failed to show any prejudice in the juror's conversation with the doctor. Plaintiff alleges that there was an improper motive of the juror because "she concealed her daughter's liver transplant from the court and counsel during voir dire examination." A review of

the supplemental transcript does not reveal any intentional concealment by the juror. The basis of plaintiff's contention is her question propounded in voir dire to the jurors and the juror's non reply to indicate the alleged improper motive. The question asked by plaintiff's lawyer was "if any one in your family *has* received a donor organ." The juror did not respond. We assume she did not answer because the juror's child was *awaiting* a transplant.

We find no concealment by the juror nor do we find her conduct prejudicial. Point three is denied.

Judgment affirmed.

STEPHAN and CRIST, JJ., concur.