**Barbara ELLISON and Howard Ellison, Appellants,**

v.

**Carrie L. IVASKA, Respondent.**

No. 21165.

Missouri Court of Appeals, Southern District, Division Two.

June 23, 1997.

Craig F. Lowther, Randall J. Reichard, Lowther, Johnson, Joyner, Lowther, Cully & Housley, L.L.C., Springfield, for appellants.

Craig A. Smith, Daniel, Clampett, Powell & Cunningham, Springfield, for respondent.

Before CROW, P.J., and PARRISH and SHRUM, J.J.

PER CURIAM.

A motor vehicle operated by Carrie L. Ivaska struck the rear of a motor vehicle operated by Howard Ellison. Howard's wife, Barbara, was a passenger in the Ellison vehicle.

The Ellisons sued Ivaska. Barbara Ellison sought money damages for bodily injuries allegedly sustained by her in the collision. Howard Ellison sought money damages for loss of consortium allegedly resulting from Barbara's injuries.

A jury returned a verdict for Barbara on her claim and assessed her damages at $7,000. On Howard's claim, the jury found Howard sustained no damage as a direct result of Barbara's injuries.

The trial court entered judgment in accordance with the verdict.

The Ellisons filed a timely motion for new trial. Excluding its caption and signatures, it read:

"Come now Plaintiffs Barbara and Howard Ellison, by and through their undersigned attorneys, and respectfully request the Court to grant them a new trial on the issue of damages pursuant to Missouri Rule of Civil Procedure 78 on the ground that the jury verdict ... was against the weight of the evidence with respect to the damages sustained by Plaintiffs Barbara and Howard Ellison. In the alternative Plaintiffs request the Court to grant them a new trial on all issues on the ground that the verdict was against the weight of the evidence."

The trial court denied the motion. The Ellisons appeal. Their brief presents two points relied on:

"I

The trial court erred in entering judgment pursuant to the jury verdict and denying Plaintiffs motion for new trial because the jury verdict awarding $7,000.00 in damages to Plaintiff Barbara Ellison was so grossly inadequate as to indicate that it was the result of bias of [sic] prejudice of the jury in that the verdict was not supported by substantial evidence.

II

The trial court erred in entering judgment pursuant to the jury verdict and denying Plaintiffs motion for new trial because the jury finding that Plaintiff Howard Ellison did not sustain damage as a direct result of injury to his wife was so grossly inadequate as to indicate that it was the result of bias of [sic] prejudice of the jury in that the verdict was not supported by substantial evidence."

In *Lair v. Lancourt,* 734 S.W.2d 247, 250 (Mo.App. W.D.1987), the court held:

"Plaintiff's other point is that the court erred in refusing his motion for a new trial on the ground that the verdict was against

the weight of the evidence, and that the verdict was the result of passion and prejudice. The weight of the evidence is for the trial court; we do not review his ruling on this point. *Roberts v. Wayne,* 624 S.W.2d 523, 525 (Mo.App.1981); *Hartley v. Matejka,* 585 S.W.2d 240, 241 (Mo.App.1979). The complaint that the verdict was the result of passion and prejudice was not raised in plaintiff's motion for new trial and is not preserved for review. Rule 78.07. *Ferguson v. Boyd,* 448 S.W.2d 901, 904 (Mo.1970); *Hartley v. Matejka,* 585 S.W.2d at 242."

■ As we have seen, the sole complaint in the Ellisons' motion for new trial was that the verdict was against the weight of the evidence. The motion did not aver that the verdict was so grossly inadequate as to indicate it was the result of bias or prejudice of the jury.

It is clear from *Lair,* 734 S.W.2d at 250, that the Ellisons' complaint on appeal that the verdict was so grossly inadequate as to indicate that it was the result of bias or prejudice of the jury is not preserved for review.

■ Furthermore, it has been repeatedly held that a complaint in a motion for new trial that a verdict was against the weight of the evidence—the only complaint in the Ellisons' motion for new trial—preserves nothing for appellate review. *Christ v. Tice,* 578 S.W.2d 319, 322[5] (Mo.App. W.D.1979); *Picone v. DeStefano,* 453 S.W.2d 671, 672[2] (Mo.App.1970); *Parks v. Midland Ford Tractor Co.,* 416 S.W.2d 22, 26[3] (Mo.App. 1967); *Schneider v. Southwestern Bell Telephone Co.,* 413 S.W.2d 16, 18–19 (Mo.App. 1967). Consequently, the Ellisons' motion for new trial was insufficient to preserve their other complaint on appeal, i.e., that the verdict was not supported by substantial evidence.

Nonetheless, we have, *ex gratia,* examined the record to determine whether relief for plain error is warranted under Rule 84.13(c), Missouri Rules of Civil Procedure (1997). In *Slankard v. Thomas,* 912 S.W.2d 619, 628[20] (Mo.App. S.D.1995), this court explained:

"Pursuant to Rule 84.13(c), plain errors affecting substantial rights may be considered on appeal, in the discretion of the court. Relief for plain error, however, is warranted only in those exceptional circumstances when the reviewing court deems manifest injustice or a miscarriage of justice occurred. *Porter v. Erickson Transport Corp.,* 851 S.W.2d 725, 744 (Mo. App. S.D.1993). It is rarely resorted to in civil cases. *Hammer v. Waterhouse,* 895 S.W.2d 95, 106 (Mo.App. W.D.1995); *Brown v. Mercantile Bank,* 820 S.W.2d 327, 335 (Mo.App. S.D.1991)."

■ There was evidence which, if believed by the jury, was sufficient to support a larger award of damages to Barbara, together with a finding that Howard was damaged as a result of Barbara's injuries. However, there was also evidence that Barbara's ailments and complaints of pain were not attributable to the collision alone. One physician testified that the cause of the pain about which Barbara complains is "a mechanical problem in her spine." The physician attributed that condition to three sources: "One is her osteoporosis. Two is her anatomic or postural position of her spine. And then the third thing is the accident."

■ This court held in *West v. Shelter Mutual Insurance Co.,* 864 S.W.2d 458, 461[6] (Mo.App. S.D.1993), that a jury is free to accept or reject all or a part of a party's evidence on damages. Additionally, in determining on appeal whether the damages awarded by a jury are grossly and shockingly inadequate, all reasonable presumptions are indulged in favor of the verdict, and the evidence must be viewed favorably to the verdict. *Brown v. Moore,* 248 S.W.2d 553, 559 (Mo.1952). Guided by those rules, we find no manifest injustice or miscarriage of justice in the jury's verdict here.

Judgment affirmed.